USDC SDNY
DOCUMENT
ELECTRONICALLY FILED   7/8/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OKSANA S. BAIUL,                                      Civil Action No.:
                                                      13-cv-02205-KBF
          *Plaintiff,*

– against –

NBC UNIVERSAL MEDIA, LLC, NBC SPORTS                  ECF CASE
NETWORK, LP, and DISSON SKATING, LLC,

          *Defendants.*
------------------------------------------------------------------X

OKSANA S. BAIUL and OKSANA, LTD,                      Civil Action No.:
                                                      13-cv-02208-KBF
          *Plaintiffs,*

– against –

STEPHEN DISSON and DISSON SKATING, LLC,               ECF CASE

          *Defendants.*
------------------------------------------------------------------X

## PROTECTIVE ORDER

    KATHERINE B. FORREST, District Judge:

    Upon the request of the Defendants in the above-captioned actions, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation, it is therefore hereby

    ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind- whether in documents, testimony, or any other form — provided in the course of this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2. The person producing any given Discovery Material may designate as "Confidential" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within 5 days of receipt of the transcript.

4. At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by informing all parties in writing that the Discovery Materials should

be treated as Confidential under this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

   a. the parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

   e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

   f. stenographers engaged to transcribe depositions conducted in this action; and

   g. the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form

attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) and by Section 6.A of the Court's Individual Practices. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal.

8. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

12. This Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed.

13. The Court does not retain jurisdiction over orders such as this after the litigation is concluded.

14. This Stipulation and Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Stipulation and order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

SO ORDERED.

Dated: New York, New York
       July 8, 2013

                                               KATHERINE B. FORREST
                                               United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OKSANA S. BAIUL,                                                                         Civil Action No.:
                                                                                                      13-cv-02205-KBF
                            *Plaintiff*,

    – against –

NBC UNIVERSAL MEDIA, LLC, NBC SPORTS                        ECF CASE
NETWORK, LP, and DISSON SKATING, LLC,

                            *Defendants*.
-----------------------------------------------------------------X

OKSANA S. BAIUL and OKSANA, LTD,                                  Civil Action No.:
                                                                                                      13-cv-02208-KBF
                            *Plaintiffs*,

    – against –

STEPHEN DISSON and DISSON SKATING, LLC,              ECF CASE

                            *Defendants*.
-----------------------------------------------------------------X

## NON-DISCLOSURE AGREEMENT

       I, _____, acknowledge that I have read and understand the Stipulation and Order for the Production and Exchange of Confidential Information in this action (the "Order"). I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the

purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____