LAW OFFICES OF
# TACOPINA SEIGEL & TURANO
A PROFESSIONAL CORPORATION

275 MADISON AVENUE
35TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 227-8877
FACSIMILE (212) 619-1028
WWW.TACOPINALAW.COM

JOSEPH TACOPINA
CHAD D. SEIGEL♦
STEPHEN TURANO♦
MATTHEW G. DEOREO^
DINA NESHEIWAT*
GEORGE VOMVOLAKIS
FRANCESCO PENTA***
VICTOR SHERMAN+

♦ ALSO ADMITTED IN NEW JERSEY
^ ALSO ADMITTED IN CONNECTICUT
+ ALSO ADMITTED IN CALIFORNIA
* ALSO ADMITTED IN FLORIDA
*** ONLY ADMITTED IN ITALY

MILAN OFFICE:
20149 MILANO
VIA DOMENICHINO, N. 35
MILAN, ITALY
TEL (02) 48012455

NEW JERSEY OFFICE:
60 PARK PLACE
SUITE 703-704
NEWARK, NEW JERSEY 07102

September 23, 2013

**VIA ECF AND HAND DELIVERY**[1]
Hon. Katherine B. Forrest
United States District Judge
United States District Court
For the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *Baiul et al v. Disson et al*,
             Case No.: 1:13-cv-02208-KBF

            *Baiul v. NBCUniversal Media, LLC et al*,
             Case No.: 1:13-cv-02205-KBF

Dear Judge Forrest:

    I am associated with Tacopina Seigel & Turano, P.C., counsel for Defendants Stephen Disson and Disson Skating, LLC and respectfully submit this letter brief in response to Plaintiffs' Motions to Amend the Complaints in the above-referenced related actions: (a) *Baiul et al v. Disson et al*, Case No.: 1:13-cv-02208-KBF ("Disson Action"); and (b) *Baiul v. NBCUniversal Media, LLC et al*, Case No.: 1:13-cv-02205-KBF ("NBC Action").

    By way of background, on September 6, 2013, Plaintiffs Oksana S. Baiul and Oksana, Ltd. filed motions for leave to file Amended Complaints in both actions. In the Disson Action, Plaintiffs filed a motion to amend the Complaint to amend the amount of alleged actual damages for their defamation claims. Defendants do not oppose this motion.

    Additionally, in the NBC Action, Plaintiff Oksana Baiul filed a motion to amend the Complaint to add proposed defendants Comcast Spectacor, L.P. ("CSLP") and Steven Disson ("Mr. Disson") individually. While it is not clear from Plaintiff's motion, we assume that

---

[1] This letter brief is being filed by ECF tonight and by hand tomorrow, September 24, 2012.

Tacopina Seigel & Turano, P.C.

Hon. Katherine B. Forrest
September 23, 2013
Page 2

Plaintiff seeks to join these additional Defendants based upon a theory of successor liability and individual liability due to the fact that the Disson Skating, LLC that she sued, which was organized under the laws of Virginia ("Disson VA"), did not yet exist at the time of the alleged conduct from which her claims allegedly arise. Disson VA filed its Certificate of Organization with Virginia's State Corporation Commission on or about March 16, 2012 (enclosed herewith), after the alleged conduct described in both the Complaint and the proposed Amended Complaint.

Hence, Plaintiff is seeking to hold individual members (Mr. Disson and CSLP) of another Disson Skating, LLC organized under the laws of Pennsylvania ("Disson PA") liable for alleged acts of Disson PA prior to Disson PA's ceasing of operations in 2012. Plaintiff is also seeking to hold Disson VA liable for Disson PA's alleged debts and acts. We oppose this motion for the reasons set forth below.

Here, Plaintiff's motion to amend the Complaint to add new Defendants is futile as it fails to allege the necessary elements or any factual foundation for successor or individual liability. *See Chapman v. YMCA of Greater Buffalo*, 161 F.R.D. 21, 23 (W.D.N.Y. 1995) ("One justification for denying leave to amend is that the amendment would be futile: If there is no set of facts which could be proved under the amendment which would constitute a valid and sufficient claim or defense leave should be denied.") (citations and ellipses omitted); *see also Griffith v. Sadri*, No. 07-4824, 2009 WL 2524961, *4 (E.D.N.Y. Aug. 14, 2009) ("The Report and Recommendation correctly concludes that, as a matter of law, District Attorney Charles J. Hynes, the New York Police Department, Kings County District Attorney's Office and the City of New York cannot be sued in this action. …. Allowing plaintiff to add these defendants at this time would be futile. Therefore, plaintiff's motion to amend his complaint is denied.").

Notably, Plaintiff does not argue whether New York or Pennsylvania state law will apply to her successor liability claims against Disson VA or her individual liability claims against Mr. Disson and CSLP. Regardless of which state law applies, however, Plaintiff fails to allege any factual basis for each of the necessary elements of successor or individual liability. Plaintiff fails to allege any facts regarding the ceasing of operations of Disson PA or how such events would lead to a credible theory holding Disson VA, Mr. Disson or CSLP liable for Disson PA's alleged debts or acts.

With respect to Pennsylvania state law, "the members of a limited liability company shall not be liable, solely by reason of being a member, under an order of a court or in any other manner for a debt, obligation or liability of the company of any kind …." 15 Pa. Cons. Stat. Ann. § 8922(a). As to successor liability of an alleged successor entity, when one company sells or transfers all of its assets to another company, the purchasing company is not liable for the debts

Tacopina Seigel & Turano, P.C.
Hon. Katherine B. Forrest
September 23, 2013
Page 3

and liabilities of the selling company solely because it acquired the seller's property. *See Continental Ins. Co. v. Schneider, Inc.*, 582 Pa. 591, 599-600 (2005).

This general rule of non-liability can be overcome by two exceptions. First, it must be demonstrated that: the purchaser expressly or implicitly agreed to assume liability; the transaction amounted to a consolidation or merger; the purchasing corporation was merely a continuation of the selling corporation; the transaction was fraudulently entered into to escape liability; or the transfer was without adequate consideration and no provisions were made for creditors of the selling corporation. *Id.*

Second, it can be overcome by the *de facto* merger exception. Under this exception, a court will consider: the continuity of ownership/stockholders; cessation of the ordinary business of the predecessor and its prompt dissolution; assumption by the successor of the liabilities ordinarily necessary for the daily operations of the business; and continuity of management, personnel, physical location and the general business operation. *See Ryan Beck & Co., Inc. v. Faust*, No. No. 03-CV-636, 2003 WL 22047321, * 3 (W.D.Pa. Aug. 6, 2003).

Here, Plaintiff does not even attempt to allege in the proposed Amended Complaint any of the required elements under Pennsylvania law for individual liability of LLC members or successor liability of an alleged successor entity. Thus, Plaintiff has failed to allege any theory of liability for Disson VA, Mr. Disson or CSLP for any alleged debts or acts of Disson PA.

Under New York law, "[a] member of a limited liability company 'cannot be held liable for the company's obligations by virtue of his [or her] status as a member thereof' (*Retropolis, Inc. v. 14th St. Dev. LLC*, 17 A.D.3d 209, 210, 797 N.Y.S.2d 1 [2005]; *see also* Limited Liability Company Law §§ 609, 610)." *Matias ex rel. Palma v. Mondo Properties LLC*, 43 A.D.3d 367 (1st Dep't 2007).

Furthermore, if Plaintiff were to allege successor liability under New York law, she would have to allege: "(1) [the successor] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *Jalili v. Xanboo Inc.*, No. 11 Civ. 1200, 2011 WL 4336690, * 4 (S.D.N.Y. Sept. 15, 2011) (Cote, D.J.).

Similarly, Plaintiff fails to allege any elements for individual or successor liability under New York law.

TACOPINA SEIGEL & TURANO, P.C.

Hon. Katherine B. Forrest
September 23, 2013
Page 4

Therefore, the Court should deny the motion for leave to amend the Complaint as futile with regard to any alleged liability of Disson VA, Mr. Disson or CSLP for Disson PA's alleged debts or acts.

Lastly, adding a new party who did not participate in discovery – CSLP – at this juncture would be prejudicial to the Defendants. *See Nunez v. Boseman*, No. 94 CIV. 7586, 1997 WL 370777, * 1 (S.D.N.Y. 1997) ("Allowing the joinder of additional parties at this late stage would require the re-opening of discovery and effectively require the re-taking of all depositions previously taken since the defendants plaintiff now seeks to add did not have an opportunity to attend or cross-examine at the depositions previously taken. Such a course of action would prejudice defendants by further prolonging this litigation and the attendant expense."); *see also Cramer v. Fedco Automotive Components Co., Inc.*, No. 01-CV-0757E, 2004 WL 1574691, * 1 (W.D.N.Y. May 26, 2004) ("[T]his Court has discretion to deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the non-moving party.").

Based upon the foregoing, Defendant Disson VA respectfully requests that the Court deny Plaintiff's motion to amend in the NBC Action to include new defendants and new legal theories and claims of successor and individual liability.

Respectfully yours,

Matthew DeOreo

cc:   All counsel by ECF



# Commonwealth of Virginia

## STATE CORPORATION COMMISSION

Richmond, March 16, 2012

This is to certify that the certificate of organization of

Disson Skating, LLC

was this day issued and admitted to record in this office and that the said limited liability company is authorized to transact its business subject to all Virginia laws applicable to the company and its business. Effective date: March 16, 2012



State Corporation Commission
Attest:

*Joel H. Peck*
Clerk of the Commission

CISECOM

DISSON 003791